# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **HIRAM R. STOOKSBURY**<br>     **ID # 1507834,**<br>          **Petitioner,** | )<br>)<br>)<br>) | |
| **vs.** | ) | **No. 3:11-CV-2893-D (BH)** |
| | ) | |
| **RICK THALER, Director,** | ) | |
| **Texas Department of Criminal** | ) | |
| **Justice, Correctional Institutions Division,** | ) | **Referred to U.S. Magistrate Judge** |
| **Respondent.** | ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order* 3-251, this case has been automatically referred for findings, conclusions, and recommendation.  Before the Court is petitioner's *Motion To Stay And Abey (sic) (Suspend) Section 2254,* received October 26, 2011 (doc. 5).  Based on the relevant findings and applicable law, the motion should be denied.

## I.  BACKGROUND

Petitioner is an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID).  His federal habeas petition filed pursuant to 28 U.S.C. § 2254, challenging a state conviction for aggravated sexual assault, was received on October 26, 2011.  (Petition (Pet.) at 2).  Petitioner states that he mailed his federal petition although he had not yet received the Court of Criminal Appeals' decision denying his state writ because the statute of limitations would run on October 24, 2011. (doc. 5 at 1).  On October 12, 2011, the Texas Court of Criminal Appeals denied without written order his state habeas application challenging the same state conviction.  *See* WR-76,223-01 (Tex. Crim. App. Oct. 12, 2011).  Petitioner requests that he be permitted to stay and abate his federal petition for at least ninety days so that he may review the state court's decision, conduct research, and file a memorandum in support of his federal petition

and any needed amendments. *Id*. at 2.

## II.  REQUEST TO STAY AND ABATE

The Fifth Circuit has held that, where a federal petition for writ of habeas corpus contains unexhausted grounds for relief, federal courts have the discretion to either stay and abate or dismiss the federal action.  *See Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998).  Stay and abeyance should be granted only in limited circumstances when there is good cause for the failure to exhaust, the unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.  *See Rhines v. Weber*, 544 U.S. 269, 278 (2005).

In *Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005), the Supreme Court suggested that a habeas petitioner could file a protective federal petition and move to stay and abate the proceedings pending exhaustion when it was uncertain whether his pending state petition would be considered timely, thereby statutorily tolling the AEDPA one-year time limit.  *Id*.  It found that "reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause'" under *Rhines. Id.* [1]

Here, petitioner seeks to stay and abate his federal habeas action so he may research the issues and file a memorandum and any necessary amendments.  His state habeas petition has been decided on his merits, he does not assert that he is attempting to raise claims that were not exhausted at the state level, and he has not otherwise shown that he is entitled to a stay under the standard set forth in *Rhines*.  In addition, Rule 15 of the Federal Rules of Civil Procedure provides an avenue for

---

[1] Other circuits have held that a protective petition is an appropriate vehicle for staying the AEDPA one-year statutory time limit where the pending state action may be determined to be untimely.  *See Harrison v. Campbell*, 254 Fed. Appx. 644 (9th Cir. Nov. 16, 2007) (unpublished); *Powell v. Davis*, 415 F.3d 722, 728 (7th Cir. 2005).  Texas does not have a statute of limitations for filing a state habeas application attacking a state court felony conviction.  Petitioner's state applications will therefore not be considered untimely.  *See* TEX. CODE CRIM. PROC. ANN. § 11.07 (West 2007).

petitioner to later seek leave to amend his petition if necessary.  *See* FED. R. CIV. PROC. 15(a).  His

request for a stay and abatement should therefore be denied.

### III.  RECOMMENDATION

Petitioner's motion to stay and abate should be **DENIED**.

**SIGNED this 28th day of October, 2011.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3